# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON C. WILLIAMS,<br><br>        Petitioner,<br><br>    v.<br><br>D. SMITH, Warden,<br><br>        Respondent. | 1:08-cv-00535-AWI-TAG HC<br><br>REPORT AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus. (Doc. 1). The face sheet of the petition recites that it is filed under 28 U.S.C. § 2254. However, Petitioner is a federal prisoner and is not subject to a state court conviction, thus the Court construes the petition as being filed pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on April 14, 2008, challenging his conviction in the Superior Court for the District of Columbia on February 9, 2001 of two counts of second degree child sexual abuse and two counts of first degree child sexual abuse. (Doc. 1, p. 1). Petitioner was sentenced to a term of thirty years to life. (Id. at pp. 1-2). Petitioner appealed his conviction to the District of Columbia Court of Appeals, which affirmed the conviction. (Id. at p. 2). In 2003, Petitioner filed some form of petition in the Superior Court for the District of Columbia challenging the indictment and counsel's effectiveness. (Doc. 1, p. 3). That request was denied on May 16, 2003. (Id.). A similar request was filed in the Court of Appeals for the District of Columbia and was denied on October 22, 2007. (Id.). Petitioner filed the instant petition while incarcerated within the jurisdiction of this district. On May 28, 2008, Petitioner

notified the Court he had been transferred by the Bureau of Prisons to the United States Penitentiary in Terre Haute, Indiana.  (Doc. 6).

Because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, or the requisite equivalent motion in the Superior Court for the District of Columbia, the Court will recommend that the instant petition be dismissed.

## **DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

Petitioner's allegations of ineffective assistance of trial counsel and insufficiency of the evidence to convict are direct challenges to the conviction itself, not to the manner, location, or conditions of the sentence's execution.  Normally,  the proper vehicle for challenging such a conviction in federal court is by a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.  Although Petitioner was convicted in the District

of Columbia, which has its own set of rules for challenging convictions, that does not alter the basic premise that direct habeas review of a challenged federal conviction is not normally available to federal prisoners. Because Petitioner is challenging his conviction and sentence, not its execution, he is precluded from bringing such a collateral attack in a petition filed pursuant to § 2241. Grady, 929 F.2d at 470; Tripati, 843 F.2d at 1162.

     Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-865 (9th Cir. 2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id.; Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-1163 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

     In this case, Petitioner states that he previously sought to challenge his conviction within the District of Columbia court system, but was unsuccessful. He does not maintain that such a challenge, if properly brought in the future, would be ineffective. Although Petitioner indicates that he unsuccessfully brought a motion equivalent to a motion to reconsider pursuant to § 2255 in the trial court of the District of Columbia in 2004, the denial of a prior § 2255 motion or its equivalent, as mentioned above, does not render it inadequate or ineffective. Aronson, 85 S.Ct. at 5; Lorentsen, 223 F.3d at 953. Hence, should Petitioner wish to pursue this claim in federal

court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, or its equivalent within the laws of the District of Columbia.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2008**                                       /s/ Theresa A. Goldner
                                                                  UNITED STATES MAGISTRATE JUDGE