# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERON C. WILLIAMS,              ) | 1:08-CV-0535 AWI TAG HC |
|                                 ) | |
|     Petitioner,            ) | ORDER REGARDING REPORT AND |
| v.                              ) | RECOMMENDATION |
|                                 ) | |
| WARDEN D. SMITH,                ) | ORDER DISMISSING PETITION |
| (ATWATER U.S.P),                ) | |
|                                 ) | |
|     Respondent.            ) | |

    Petitioner is a prisoner serving a sentence imposed by the Superior Court for the District of Columbia.   At the time Petitioner filed the pending petition for writ of habeas corpus, Petitioner was confined at the United States Penitentiary at Atwater.   The petition for writ of habeas corpus challenges Petitioner's conviction in the Superior Court for the District of Columbia for child sexual abuse.

    On June 30, 2008, the Magistrate Judge issued a Report and Recommendation that recommended the court construe the habeas corpus petition as a petition pursuant to 28 U.S.C. § 2241 and deny the petition because Petitioner has not shown that his remedy by way of 28 U.S.C. § 2255 is inadequate or ineffective to test the validity of his detention.   On July 22, 2008, Petitioner filed objections to this recommendation in which Petitioner contends that he should be treated like a state prisoner and allowed to proceed with a habeas corpus petition pursuant to 28 U.S.C. § 2254.

    The court has reviewed the file.   While the court finds that the petition must be dismissed, the court does not do so for the reasons stated in the Report and Recommendation.

1    Collateral challenges to sentences imposed by the Superior Court for the District of Columbia
2 must be brought in that court under District of Columbia Code § 23-110.   Section 23-110 is the
3 exclusive remedy for such collateral challenges.  Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C.Cir.
4 1998); Williams v. Martinez, -- F.Supp.2d --, 2008 WL 2440712 (D.D.C. 2008).   Pursuant to the
5 allegations in the pending habeas corpus petition,  Petitioner has already availed himself to a motion
6 under Section 23-110 in the Superior Court for the District of Columbia.
7    Section 23-110 provides:
8    An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

12 D.C. Code § 23-110(g).   Unlike prisoners convicted in state courts or those convicted in a United
13 States District Court, District of Columbia prisoners have no recourse to a federal judicial forum
14 under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 unless it is shown that the local remedy is inadequate or
15 ineffective to test the legality of his detention.  Garris v. Lindsay, 794 F.2d 722, 726 (D.C.Cir. 1986);
16 Williams, -- F.Supp.2d --, 2008 WL 2440712.  "In order to collaterally attack his sentence in an
17 Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not." Byrd
18 v. Henderson, 119 F.3d 34, 36-37 (D.C.Cir. 1997).
19    "Section 23-110 has been found to be adequate and effective because it is coextensive with
20 habeas corpus."  Saleh v. Braxton, 788 F.Supp. 1232 (D.D.C. 1992).  "[T]he judges of the Superior
21 Court of the District of Columbia must be presumed competent to decide all issues, including
22 constitutional issues, that routinely arise in the trial of criminal cases."  Garris, 794 F.2d at 726; see
23 also Swain v. Pressley, 430 U.S. 372, 382-83 (1977).   The mere denial of relief by the Superior
24 Court of the District of Columbia does not render the local remedy inadequate or ineffective.
25 Garris, 794 F.2d at 727.   It is the inefficacy of the remedy that matters, and the fact that a petitioner's
26 circumstances preclude him from invoking the remedy is not determinative.   Id.
27    Petitioner has already been denied relief under Section 23-110.   Petitioner does not claim or
28 otherwise show that a motion under Section 23-110 is inadequate or ineffective to test the legality of

his conviction and detention.   Petitioner has not been deprived of a full or fair opportunity to litigate colorable claims in the District of Columbia courts.   Petitioner has simply provided no basis for this court to consider his habeas corpus petition.   Therefore, his habeas corpus petition must be dismissed for lack of jurisdiction.

Even if the court were to find jurisdiction over this habeas corpus petition, no habeas corpus relief is available.   For purposes of federal habeas corpus relief, a petitioner convicted and sentenced in the District of Columbia is considered a state prisoner.  <u>Madley v. United States Parole Comm'n</u>, 278 F.3d 1306, 1309 (D.C.Cir. 2002); <u>Banks v. Smith</u>, 377 F.Supp.2d 92, 94 (D.D.C. 2005).   As a "state prisoner," Petitioner's only recourse for federal habeas relief is 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."   This limitation period generally runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).   Here, the petition states that the court of appeal denied Petitioner's direct appeal on September 16, 2004.  The pending petition was not filed until April 18, 2008.   Thus, any relief under 28 U.S.C. § 2254 is barred by the statute of limitations.

Accordingly, the court ORDERS that:

1. The court respectfully declines to adopt the Report and Recommendation;
2. The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction; and
3. The Clerk of the Court is DIRECTED to close this file.

IT IS SO ORDERED.

**Dated:   August 27, 2008**             /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE